United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS QUINTO-TOTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00385 |
| | § | |
| WARDEN OF RIO GRANDE | § | |
| PROCESSING CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner Juan Carlos Quinto Toto's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on March 13, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States for around 20 years. (*Id.* at 1; Dkt. 6 at 2.) Petitioner was apprehended by immigration authorities in January of 2026 while picking up a co-worker on his way to work. (Dkt. 1 at 2; *see* Dkt. 6 at 2.) ICE then initiated removal proceedings against Petitioner and took him into custody at the Rio Grande Processing Center where he remains detained. (*Id.* 3; Dkt. 6 at 2.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of his Fifth Amendment rights, the Administration Procedure Act (APA) and the *Accardi* Doctrine, and his rights as a

1 / 6

member of the *Maldonado-Bautista* class. (*Id.* at 5–10.)[1] He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 10.)

The Court ordered Respondents to respond to Petitioner's petition on or before March 20, 2026. (Dkt. 5.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, (Dkt. 6), and Petitioner filed a reply to Respondents' response (Dkt. 7).

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Respondents now raise an argument that Petitioner's due process claim is improperly characterized as a procedural challenge and that any substantive due process rights are limited to those set out in statute. (*See* Dkt. 6 at 10–12.) Respondents mainly rely on *Connecticut Dep't of Pub. Safety v.*

---

[1] Because the Court agrees that § 1225(b)(2) violates the Due Process Clause as applied to Petitioner it does not address Petitioner's additional claims.

*Doe*, 538 U.S. 1 (2003), in addition to citing a line of similar cases. (*See id.*) (citing *Reno v. Flores*, 507 U.S. 292, 308 (1993); *Michael H. v. Gerald D.*, 491 U.S. 110, 119–21 (1989); *Duarte v. City of Lewisville, Texas*, 858 F.3d 348 (5th Cir. 2017)).

However, Respondents' arguments continue to ignore a critical point: noncitizens' constitutional rights are not limited to those set out in statute. The cases Respondents cite address whether procedural due process claims can consider factors not specifically enumerated in statute. Significantly, these cases do not consider the right to liberty and the freedom from imprisonment guaranteed by the Fifth Amendment of the Constitution. Nor do the cases cited by Respondents stand for the proposition that noncitizens are not guaranteed these fundamental rights.[2] And the Court has already found that noncitizens have a protected liberty interest and a right to freedom from detention by virtue of establishing a presence in the United States. *See Bonilla Chicas*, 2026 WL 539475 at 6–7.

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be … deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*,

---

[2] The Court also finds that Respondents' cases are not factually comparable to Petitioner's case. In *Doe*, the Supreme Court rejected a challenge to a state sex offender registration law that required him to register without a hearing on whether he was "currently dangerous" because his underlying criminal conviction required registration. 538 U.S. at 6. Registration of convicted sex offenders is not comparable to civil immigration detention. *See Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al.*, 2026 WL 503958 (W.D. Tex. Feb. 23, 2026) ("*Doe* arose in an entirely different context—a challenge to a sex offender registration statute—and did not address an immigration detainee's challenge to their detention without a bond hearing.").

189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S. 346-57, 356 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration detention is permissible only to the extent that it is reasonably related to the statutory purposes of ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*, 533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have established a presence in the United States have a protected liberty interest and a right to freedom from punitive civil detention that derives from the Constitution and guarantees due process protections under the Fifth Amendment's Due Process Clause. Thus, Respondents' reliance on cases that do not consider violations of the constitutional right to freedom from imprisonment is misplaced.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth

Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite*, 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5.      Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 25, 2026.

_____
Diana Saldaña
United States District Judge